UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SUSAN A. RUFFLES,

            Plaintiff,

                                          **Hon. Hugh B. Scott**

          v.                                  05CV436A

                                           **Report
                                           and
JO ANNE B. BARNHART, Commissioner of     Recommendation**
Social Security[1],

           Defendant.

        Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 4 (Commissioner), 10 (plaintiff)).

## INTRODUCTION

        This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff was not disabled during the relevant coverage period and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

        The plaintiff, Susan A. Ruffles ("Ruffles" or "plaintiff"), filed an application for disability insurance benefits on August 25, 2000, seeking coverage for the period of

---

[1]The Complaint originally named Secretary of Health and Human Services Michael Leavitt as the defendant, Docket No. 1. The functions of the Secretary of Health and Human Services in Social Security cases, however, were transferred to the Commissioner of Social Security, Pub. L. No. 103-296, and she is substituted pursuant to Rule 25(d)(1); see also 42 U.S.C. § 405(g).

December 12, 1994, through December 31, 1998.  That application was denied initially and on reconsideration.  The plaintiff appeared before Administrative Law Judge William Reddy ("ALJ"), who considered the case <u>de novo</u> and concluded, in a written decision dated November 17, 2004, that the plaintiff was not disabled within the meaning of the Social Security Act.  The ALJ's decision became the final decision of the Commissioner on April 21, 2005, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on June 16, 2005 (Docket No. 1).  The parties moved for judgment on the pleadings (Docket Nos. 4 (Commissioner), 10 (plaintiff)).  The motions were argued and submitted on March 27, 2006 (Docket No. 14).

## **FACTUAL BACKGROUND**[2]

At the time she was last insured, plaintiff was considered a "younger person" under Social Security regulations.  Plaintiff last worked as a riveter and at a chemical plant as a chemical processing laborer before applying for disability benefits.  While her application was pending, she worked as a dog groomer.  (R. 15.)

## **MEDICAL AND VOCATIONAL EVIDENCE**

Plaintiff complains of respiratory disorder, a right arm impairment, and a combination of mental impairments (paranoid ideation, and, as noted by a consultative psychologist, general anxiety disorder, personality disorder and dysthymic disorder (R. 15, 17)).  Plaintiff is introverted and thinks she is being followed.  Her treating physician, Dr. John Vance reported in February 1997 that she had a reactive airway disease with exercise induced asthma secondary to chemical

---

[2] References noted as "(R.__)" are to the certified record of the administrative proceedings.

exposure. Dr. Vance concluded that plaintiff could perform light work provided that she was not exposed to irritants or rapid temperature or humidity changes, and was not required to work rapidly or climb stairs (R. 16, 90-93, 93). In December 1998, Dr. Vance opined in a workers' compensation form that plaintiff was totally disabled (R. 16-17, 121). In 2000, Dr. Vance noted that plaintiff suffered from reactive airway disease, occupational asthma, and had paranoid ideation (R. 16-17).

Plaintiff could not afford psychiatric treatment and never sought treatment for her mental ailments. Clinical psychologist Dr. Renee Baskin-Creel, Ph.D., examined plaintiff and found that plaintiff self-medicated by drinking six packs of light beer (R. 17, 140). Dr. Baskin-Creel found that plaintiff suffered from dysthymic disorder, generalized anxiety disorder, and personality disorder, but plaintiff still could perform daily functions (R. 17, 18, 141-42).

*The ALJ's Findings*

The ALJ rejected Dr. Vance's 1998 finding that plaintiff was totally disabled because it was not supported by objective medical evidence and was contradicted in that report by Dr. Vance's qualifications of light work plaintiff could otherwise perform (R. 18-19). The ALJ agreed with the state agency evaluator, Dr. Ido Adamo, that plaintiff did not suffer a severe mental impairment (R. 18, 144, 147, 149, 151, 156), rejecting plaintiff's testimony. The ALJ found that plaintiff could perform light work from December 1994 through December 1998 with various limitations (R. 19). The ALJ also concluded that plaintiff could not perform her past relevant work (R. 15, 19) and therefore, the burden shifted to the Commissioner to show that jobs existed in the national economy that a person in plaintiff's situation could perform. The ALJ had

a vocational expert testify and she opined that plaintiff could work as a dressing room attendant, mail clerk, or counter clerk (R. 18, 14).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that her impairment prevents her from returning to her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.

1982).  Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative  substantial gainful work which exists in the national economy and which the plaintiff could perform."  Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing her past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467.  If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).  However, it should be noted that the ALJ has an affirmative duty to fully develop the record.  Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work she has done in the past.  20 C.F.R. §§ 404.1520(e) & 416.920(e).  When the plaintiff's impairment is a mental one, special "care

must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, plaintiff argues the ALJ erred in "flyspecking" (see Docket No. 11, Pl. Memo. of Law at 2, 7; R. 6 (plaintiff's notice of administrative appeal)) the medical opinions of Dr. Vance, finding only those portions of those opinions that support a finding of no disability while rejecting those findings that establish disability. She also contends that the ALJ erred in disregarding her mental condition, refusing to hear her testimony regarding her paranoia and other ailments.

I.    Physician's Opinion

Plaintiff contends that the ALJ did not consider the entirety of Dr. Vance's opinion, only selecting portions of that opinion to support the ALJ's finding that plaintiff was not disabled and disregarding Dr. Vance's express statement that plaintiff was totally disabled. Plaintiff points out that the ALJ incorrectly indicated that Dr. Vance's 1998 opinion was rendered after plaintiff's date of last insured, when in fact it was within the covered period (Docket No. 11, Pl. Memo. at 6). Plaintiff argues that the ALJ did not fully develop the record where the ALJ noted the purported inconsistencies within Dr. Vance's opinion.

A treating physician's report is to be given substantial weight and controlling weight if supported by objective medical evidence. Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); Stiggins v. Barnhart, 277 F. Supp. 2d 239, 243 (W.D.N.Y. 2003) (Larimer, J.). Under the Social Security regulations, the ALJ must consider the medical opinions from treating physicians and, if discounting those opinions, review various factors to justify discounting the medical opinions. 20 C.F.R. § 404.1527(d); see Clark v. Commissioner of Social Security, 143 F.3d 115, 118 (2d Cir. 1998); Schaal v. Apfel, 134 F.3d 496, 503-05 (2d Cir. 1998).

Here, Dr. Vance's findings consistently noted that plaintiff's condition would allow her to perform light work in "ideal" (R. 87) conditions or that she was totally disabled. As plaintiff notes (Docket No. 11, Pl. Memo. at 8), the environmental restrictions Dr. Vance notes that plaintiff could perform light work in are so limiting as to eliminate most if not all employment settings. While "light work" and "totally disabled" are terms of act (with the finding of disability reserved for the Commissioner under the regulations, see 20 C.F.R. § 404.1527(e)(1); see Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999)), the medical record indicates that plaintiff's respiratory disorder prevented her from working. The ALJ thus erred in rejecting that portion of Dr. Vance's reports that found plaintiff to be totally disabled. Alternatively, the ALJ had an obligation to fully develop the record and inquire into Dr. Vance's findings of total disability as opposed to being able to perform (highly restricted) light work, Schaal, supra, 134 F.3d at 505. Either ground is a basis for a remand for further administrative proceedings.

II.     Consideration of Plaintiff's Mental Condition

Plaintiff also argues that she presented evidence of her anxiety that Dr. Vance diagnosed as having paranoid ideation. Plaintiff did not seek psychiatric treatment because she could not

afford it (R. 201; Docket No. 11, Pl. Memo. at 10).  She contends that the ALJ rejected Dr. Baskin-Creel's findings because they were retrospective, even though the Commissioner had plaintiff evaluated by Dr. Baskin-Creel (Docket No. 11, Pl. Memo. at 11).  Plaintiff finds inappropriate that the ALJ accepted the findings of a state agency evaluator over the psychologist who examined plaintiff (id.).  Plaintiff complains that the ALJ did not allow her to testify as to her mental condition (id. at 12-17; R. 215-20).

Although plaintiff denied that she suffered from depression when evaluated by Dr. Jerome Maurizi (R. 121; cf. Docket No. 13, Def. Reply Memo. of Law at 6), she complains of other mental ailments.  While the ALJ may have afforded plaintiff with an extensive hearing (cf. Docket No. 13, Def. Reply Memo. at 8-9), the ALJ expressed his disinterest in plaintiff's mental condition (see R. 219).  While the Commissioner would place the burden of proving her mental ailment upon plaintiff (Docket No. 13, Def. Reply Memo. at 6-7), the ALJ hindered that process by impeding plaintiff's testimony regarding her condition.  For this reason, the Commissioner's decision should be reversed and the matter remanded.

## **CONCLUSION**

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **REVERSED** and this matter be **REMANDED** for further administrative proceedings.  Defendant's motion for judgment on the pleadings (Docket No. 4) should be **denied** and plaintiff's motion for similar relief in her favor (Docket No. 10) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within ten (10) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).  Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
April 18, 2006